ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST ADDRESSING THE FOLLOWING QUESTIONS:
 1. WHAT CONSTITUTES A VACANCY OF AN ELECTED OFFICE IN A MUNICIPALITY UNDER THE STRONG-MAYOR-COUNCIL FORM OF GOVERNMENT?
 2. DOES AN ELECTED OFFICIAL OF A MUNICIPALITY UNDER THE STRONG-MAYOR-COUNCIL FORM OF GOVERNMENT HAVE TO LIVE WITHIN THE MUNICIPALITY OR MAY SUCH OFFICIAL LIVE OUTSIDE THE MUNICIPALITY AND SIMPLY OWN A HOME WITHIN THE MUNICIPALITY, WHICH IS NOT USED BY THE OFFICIAL TO LIVE AT ANY TIME?
BECAUSE THE SECOND QUESTION CAN ONLY BE ANSWERED BY REFERENCE TO THE SPECIFIC SITUATIONS INVOLVED, THIS OFFICE FELT THAT THE ISSUANCE OF AN INFORMAL LETTER WOULD BE APPROPRIATE. THE ATTORNEY GENERAL'S OFFICE CANNOT RESOLVE THE ISSUES OF FACT PRESENTED IN YOUR SECOND QUESTION — HOWEVER, THIS LETTER ANALYZES THE APPLICABLE LAW TO GUIDE YOU. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL, AND NOT A FORMAL OPINION OF THE ATTORNEY GENERAL.
THE ANSWER TO YOUR FIRST QUESTION CAN BE FOUND IN THE PROVISIONS OF 51 O.S. 8, WHICH LISTS THE SIX EVENTS THAT CAUSE A VACANCY IN AN ELECTED OR APPOINTED OFFICE PRIOR TO THE EXPIRATION OF THE TERM. THIS STATUTE APPLIES TO ALL OFFICES ELECTED OR APPOINTED UNDER THE LAWS OF THE STATE OF OKLAHOMA, INCLUDING THE STRONG-MAYOR-COUNCIL FORM OF MUNICIPAL GOVERNMENT.
THE RELEVANT STATUTORY LANGUAGE IS AS FOLLOWS:
 "EVERY OFFICE SHALL BECOME VACANT ON THE HAPPENING OF ANY ONE OF THE FOLLOWING EVENTS BEFORE THE EXPIRATION OF THE TERM OF SUCH OFFICE:
FIRST. THE DEATH OF THE INCUMBENT OR HIS RESIGNATION.
 SECOND. HIS REMOVAL FROM OFFICE OR FAILURE TO QUALIFY AS REQUIRED BY LAW.
 THIRD. WHENEVER ANY FINAL JUDGMENT SHALL BE OBTAINED AGAINST HIM FOR A BREACH OF HIS OFFICIAL BOND.
 FOURTH. CEASING TO BE A RESIDENT OF THE STATE, COUNTY, TOWNSHIP, CITY OR TOWN, OR OF ANY DISTRICT THEREOF, IN WHICH THE DUTIES OF HIS OFFICE ARE TO BE EXERCISED OR FOR WHICH HE MAY HAVE BEEN ELECTED OR APPOINTED.
 FIFTH. CONVICTION IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION OF ANY FELONY OR ANY OFFENSE INVOLVING A VIOLATION OF HIS OFFICIAL OATH; PROVIDED, THAT NO CONVICTION, AS A CAUSE OF VACATION OF OFFICE, SHALL BE DEEMED COMPLETE SO LONG AS AN APPEAL MAY BE PENDING, OR UNTIL FINAL JUDGMENT IS RENDERED THEREON.
 SIXTH. UPON ENTERING A PLEA OF GUILTY OR NOLO CONTENDERE IN A STATE OR FEDERAL COURT OF COMPETENT JURISDICTION FOR ANY FELONY OR ANY OFFENSE INVOLVING A VIOLATION OF HIS OFFICIAL OATH.
 THE FACT BY REASON WHEREOF THE VACANCY ARISES SHALL BE DETERMINED BY THE AUTHORITY AUTHORIZED TO FILL SUCH VACANCY."
51 O.S. 8 (1991). THE FOURTH EVENT LISTED ABOVE CLEARLY EXPRESSES THE REQUIREMENT THAT AN ELECTED OR APPOINTED OFFICIAL MUST BE A RESIDENT OF THE GOVERNMENTAL LOCALITY HE IS ELECTED OR APPOINTED TO SERVE. THIS LEADS US TO THE NEXT QUESTION.
ALTHOUGH YOUR SECOND QUESTION, ABOVE, IS PHRASED IN TERMS OF WHERE SOMEONE IS LIVING, THE REAL QUESTION IS THE DETERMINATION OF THEIR RESIDENCY. MUNICIPAL GOVERNMENTS ARE GOVERNED BY THE PROVISIONS IN TITLE 11 OF THE OKLAHOMA STATUTES CONCERNING CITIES AND TOWNS. 11 O.S. 8-101 (1991) SETS OUT THE GENERAL QUALIFICATIONS FOR ELECTED MUNICIPAL OFFICIALS THUS:
 "A MUNICIPAL ELECTED OFFICIAL SHALL BE A RESIDENT AND A REGISTERED VOTER OF THE MUNICIPALITY IN WHICH HE SERVES. . . IF AN ELECTED OFFICIAL CEASES TO BE A RESIDENT OF THE MUNICIPALITY, HE SHALL THEREUPON CEASE TO BE AN ELECTED OFFICIAL OF THAT MUNICIPALITY."
MOREOVER, IN THE STRONG-MAYOR-COUNCIL FORM OF GOVERNMENT, THE GOVERNING BODY MEMBERS, WHICH ARE THE MAYOR AND COUNCIL MEMBERS, MUST BE RESIDENTS AND REGISTERED VOTERS OF THE CITY. 11 O.S. 11-103. THESE PROVISIONS, AS WELL AS THE SECTION FROM TITLE 51 QUOTED ABOVE, MAKE IT VERY CLEAR THAT AN ELECTED OFFICIAL OF A MUNICIPALITY MUST BE A RESIDENT OF THAT MUNICIPALITY, AND IF HE CEASES TO BE A RESIDENT DURING THE TERM OF HIS OFFICE, THE OFFICE BECOMES VACANT. (SEE, ALSO, OKLAHOMA ATTORNEY GENERAL OPINION NO. 76-260, WHICH STATES THAT AN ELECTED OR APPOINTED TOWN CLERK OR TOWN TREASURER MUST BE A RESIDENT OF THAT TOWN.)
UNDER OKLAHOMA LAW, A PERSON'S DOMICILE OR LEGAL RESIDENCE IS "THE PLACE WHERE HE HAS HIS TRUE, FIXED AND PERMANENT HOME AND PRINCIPAL ESTABLISHMENT, AND TO WHICH, WHENEVER HE IS ABSENT, HE HAS THE INTENTION OF RETURNING." SUGLOVE V. OKLAHOMA TAX COMM., 605 P.2D 1315, 1317 (OKLA. 1980). THIS IDEA OF RESIDENCE HAS BEEN DISTINGUISHED FROM ONE'S OFFICE OR PLACE OF BUSINESS. JOHNSON V. STATE ELECTION BOARD, 370 P.2D 551 (OKLA. 1962). THE QUESTION OF RESIDENCE IS A QUESTION OF FACT, TO BE DECIDED ON THE DETAILS OF EACH INDIVIDUAL CASE. SUGLOVE, 605 P.2D 1315.
THE DOMINANT ELEMENT TO BE CONSIDERED IS THE INTENT TO ABANDON THE FORMER DOMICILE AND ESTABLISH A NEW ONE, WITH NO INTENTION OF RETURNING. BOX V. STATE ELECTION BOARD OF OKLAHOMA, 526 P.2D 936 (OKLA. 1974); SUGLOVE, 605 P.2D 1315. THIS INTENT TO ESTABLISH A DOMICILE CAN BE EVINCED BY SUCH FACTORS AS THE FOLLOWING: THE HABITS OF THE PERSON, HIS BUSINESS AND DOMESTIC RELATIONS, DECLARATIONS, EXERCISE OF POLITICAL RIGHTS, COMMUNITY ACTIVITIES AND OTHER PERTINENT OBJECTIVE FACTS ORDINARILY MANIFESTING THE EXISTENCE OF INTENT. SUGLOVE, 605 P.2D AT 1317.
A TEMPORARY ABSENCE FROM THE RESIDENCE, EVEN FOR A MATTER OF YEARS, WILL NOT, BY ITSELF, EFFECT A CHANGE OF RESIDENCE. MOORE V. HAYES, 744 P.2D 934 (OKLA. 1987). MAINTENANCE OF A SEPARATE HOME IS NOT CONCLUSIVE AS TO CHANGE OF RESIDENCE. ID. THEREFORE, IN ORDER TO ANSWER YOUR SECOND QUESTION A DETERMINATION OF RESIDENCY MUST BE MADE BASED ON THE FACTS OF THE INDIVIDUAL CASE, AND CANNOT BE DECIDED BY MERELY LOOKING TO THE APPLICABLE LAW.
A DETERMINATION OF ANY OF THE EVENTS THAT CAUSE VACANCY IN ELECTED OFFICE, INCLUDING CESSATION OF RESIDENCY, IS MADE BY THE ENTITY EMPOWERED TO FILL A VACANCY IN THE OFFICE IN QUESTION. 51 O.S. 8. FOR EXAMPLE, UNDER THE STRONG-MAYOR-COUNCIL FORM OF GOVERNMENT, THE COUNCIL, AFTER DETERMINING THAT A VACANCY EXISTS, HAS THE POWER TO FILL A VACANCY IN THE OFFICES OF MAYOR AND VICE-MAYOR. 11 O.S. 11-111 (1991). THIS PLACES THE RESPONSIBILITY FOR DETERMINING WHETHER THE MAYOR OR VICE-MAYOR IN A STRONG-MAYOR COUNCIL SYSTEM IS A RESIDENT OF THE MUNICIPALITY ON THE COUNCIL. IT SHOULD BE NOTED THAT THE OKLAHOMA SUPREME COURT HAS HELD THAT THE PROCESS TO REMOVE AN ELECTED MUNICIPAL OFFICIAL FOR CAUSE REQUIRES NOTICE AND A HEARING, WITH AN OPPORTUNITY TO DEFEND. LARSON V. BUNCH, 255 P.2D 486 (OKLA. 1953).
IN CONCLUSION, IT IS THE OPINION OF THE UNDERSIGNED THAT THE EVENTS LISTED IN 51 O.S. 8 COMPRISE THE ANSWER TO YOUR FIRST QUESTION REGARDING VACANCY OF OFFICE IN A STRONG-MAYOR-COUNCIL FORM OF MUNICIPAL GOVERNMENT. YOUR SECOND QUESTION TURNS ON WHETHER THE ELECTED OFFICIAL IS A RESIDENT OF THE MUNICIPALITY. RESIDENCY IS A QUESTION OF FACT WHICH, IN THIS CONTEXT, MUST BE DETERMINED BY THE COUNCIL PURSUANT TO 51 O.S. 8. RESIDENCY IS DETERMINED BY LOOKING TO SEVERAL FACTORS, THE MOST IMPORTANT OF WHICH IS THE INTENT MANIFESTED TO REMAIN OR RETURN TO THE ORIGINAL RESIDENCE.
(KAREN L. COLLIER)